Joseph T. Sucec, Esq.
Attorney for Plaintiff
PO Box 317
Grantham, PA 17027
717-315-2359
joesucec@gmail.com
PA74482

MAURI B. KELLY
LACKAWANNA COUNTY

2020 MAR -2 P 3:06

CLERKS OF JUDICIAL
RECORDS CIVIL DIVISION

IN THE COURT OF COMMON PLEAS
LACKAWANNA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LARRY PAPI and DONNA JAMES<br>plaintiffs,<br>v.<br>SWC GROUP<br>defendant | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: | No. 1491<br><br>CIVIL ACTION - LAW<br>CLASS ACTION<br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. LARRY PAPI and DONNA JAMES ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SWC GROUP ("Defendant"), in negligently, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") and a state cause of action for invasion of privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### JURISDICTION AND VENUE

2. Jurisdiction is proper under 42 Pa. Code 931, which grants plenary jurisdiction to the Court of Common Pleas, and based on **Yellow Freight Systems, Inc. v. Donnelly, 494 US 820, 822 (1990)**, allowing federal claims to be brought in state court where federal

court jurisdiction has not been made exclusive.

3. Because Plaintiffs aver and allege a state-wide class of victims of violations of the TCPA by Defendant, and avers that said class meets the criteria for class actions related in 231 Pa. Code 1700 et seq, (explained in detail in ensuing paragraphs), jurisdiction is also asserted for the Court of Common Pleas.

4. Further, Plaintiff Venue is proper in the Court of Common Pleas of this county as Plaintiffs were at all times relevant, and still is, a resident of Lackawanna County, Pennsylvania

## PARTIES

5. Plaintiffs are, and at all times mentioned herein were, citizens and residents of the Commonwealth of Pennsylvania and, for the purposes of the statute purported to be violated here, "persons" as defined by 47 U.S.C. § 153 (10).

6. Defendant is a corporation engaged in, among other enterprises, collections of alleged past due bills for other business clients, with headquarters at 4120 International Parkway, Suite 1100 Carrollton, Texas 75007, and is similarly defined as a "person."

## FACTUAL ALLEGATIONS

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 17 U.S.C. § 153 (10).

8. Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 17 U.S.C. § 153(10)

9. Since Plaintiffs are located within the Commonwealth of Pennsylvania, Defendant's relevant business in this matter was conducted within the Commonwealth as well.

10. From September 1, 2019 until the present Plaintiffs received numerous telephone calls on their mobile telephones, each leaving a voice mail imploring her to return the call. Each call was traceable to a number in turn traceable to Defendant.

11. The nature and circumstances of the call from Defendant indicate that said call came from and was generated from an "automatic telephone dialing system" as defined by 47 USC 227(a)(1)

12. At no point did Plaintiffs ever give permission, implied or express, to Defendant, to contact theirr mobile telephones via an automatic telephone dialing system.

13. Without such permission from Plaintiffs, Defendant's actions are directly violative of 47 USC(b)(1)(A)(iii).

14. The telephone number that the Defendant, or its agents, called was assigned to Plaintiffs via their mobile carriers.

15. This unsolicited voice mail message placed to Plaintiffs' cellular telephones was to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1), as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

16. Further, the voice mail was not for emergency purposes as defined by the statute.

17. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass any person at the called number.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

19. Defendant knew or should have known that its actions violated the TCPA Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

22. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

24. The elements for a class action in Pennsylvania are contained within 231 Pa. Code 1702:

**Rule 1702. Prerequisites to a Class Action.**

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

25. Plaintiffs represent, and are members of the Class, consisting of all persons within the Commonwealth who received any unsolicited voice mail messages from Defendant, which were not made for emergency purposes or with the recipient's prior express consent.

26. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. Plaintiffs and members of the Class were harmed by the acts of Defendant in at illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited and/or confirmatory text message, thereby least the following ways: Defendant, either directly or through its agents, causing Plaintiffs and the Class

members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant transmitted any voice mail messages (other than a voice mail message for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b) the extent of damages for such violation; and

c) Whether Plaintiffs and the Class members were damaged thereby, and

d) Whether Defendant should be enjoined from engaging in such conduct in the future.

31. As a person that received at least one voice mail message without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

32. Plaintiffs will fairly and adequately represent and protect the Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.

33. If the Class is not certified for this action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34. Absent a class Plaintiff has retained counsel experienced in handling class action claims.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Commonwealth law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

37. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiffs and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future. .

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following:

a. As a result of Defendants' negligent violations of **the TCPA**, Plaintiffs seek for

Plaintiffs and each Class member any actual damages sustained as a result of Defendants' behavior violative of the statute, as well as relevant to the common law causes of action set forth here. Plaintiffs estimate this total, including but not limited to lost time in dealing with said violations, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

| | |
|---|---|
| 1. Client consultation and review of file. | 2.5 |
| 2.. Drafting of complaint, editing, review with client document processing and filing | 1.5 |
| 3. Service of process of writ and complaint | .25 |
| | 4.25 hours@$500/hour |

For a total (attorneys fees) of $2,125.
For grand total of all damages of $18,125.
e. Injunctive relief prohibiting such actions by Defendant in the future.

f. Any other relief the Court may deem just and proper.

Respectfully submitted,

Date: 2/25/2020

/s/ Joseph T. Sucec, Esq.

*J. T Suc*
_____
Joseph T. Sucec, Esq.

VERIFICATION STATEMENT

I verify that the statements made in the complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 2/26/2020

*Norma James*
*Sarri Pape*